IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOWARD H. KUFF                                                                    PLAINTIFF

v.                                       Case No. 5:20-cv-05107-TLB

UNITED STATES OF AMERICA                                                 DEFENDANT

## COMPLAINT

Plaintiff, Howard H. Kuff, by and through his undersigned attorney, Douglas M.

Carson of Daily & Woods, P.L.L.C. for his Complaint against Defendant, United States of

America, states:

## NATURE OF THE ACTION

1.  This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.

Plaintiff seeks damages for the negligent injury and resulting damages due to an accident

caused by an employee of the Federal Bureau of Investigation.

## PARTIES

2.  Plaintiff is an individual and is domiciled in Fayetteville, Arkansas.

3.  Defendant United States of America is the appropriate Defendant under the

Federal Tort Claims Act ("FTCA").  28 U.S.C. §§ 1346(b), 2671, et seq.  Liability of the United

States is predicated on the FTCA because the personal injuries and resulting damages that

form the basis of this Complaint were proximately caused by the negligence, wrongful acts,

and/or omissions of an employee of the United States of America through its agency, the

Federal Bureau of Investigation ("FBI").  The employee, George N. Handey, was acting

within the course and scope of his office or employment under circumstances such that the

United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Arkansas.  Under these facts, Plaintiff may not make a claim against Mr. Handey individually and, instead, must make his claim against the United States of America.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to the Federal Tort Claims Act against the United States of America.  That Act vests exclusive subject matter jurisdiction of federal tort claims litigation in the United States District Court which is an appropriate venue.

5.  Venue is proper in the Western District of Arkansas because Plaintiff currently resides in this judicial district and because the accident occurred in this judicial district, so that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

6.  On October 26, 2019, Plaintiff submitted an administrative claim for the claims set forth below to the Federal Bureau of Investigation.  The claim included a Standard Form 95 (SF95), attachment pages to the claim, and supporting documentation.

7.  More than six months have elapsed since the submission of the claim.  The United States has made no offer to settle the claim, has transferred the claim among various personnel, and no settlement or other resolution has occurred.  The failure of the United States to make final disposition of the claim within six months may be deemed the final denial of the claim for purposes of administrative prerequisites under the Federal Tort Claims Act.  28 U.S.C. § 2675(a)(1).

8.  All conditions precedent to an action under the Federal Tort Claims Act have been met.

## FACTS

**Facts Relating to Liability**

9.  Howard Kuff, age 66 at the time of the accident, was employed as a delivery person for Jimmy John's restaurant on March 13, 2019.  All events described below concerning the accident happened on that date.

10.  Mr. Kuff rode a bicycle for purposes of making deliveries to customers of his employer.  He had been working in that job for approximately three years and was an experienced bicyclist by virtue of his employment and his recreational activities generally.

11.  Mr. Kuff was riding his bicycle on North Church Avenue in Fayetteville, Arkansas, heading north toward Dickson Street.  Mr. Kuff approached the intersection with West Meadow Street, which runs east and west.  Because of the presence of a house or other building on the corner, his view of West Meadow Street to the left of the intersection was blocked.

12.  At that intersection, there are stop signs for the traffic traveling east and west on West Meadow Street and there are no stop signs for the traffic traveling north and south on North Church Avenue.  Thus, Mr. Kuff did not have a stop sign or any other kind of traffic control sign or device regulating or limiting his travel and entry into the intersection.

13.  A motor vehicle driven by George N. Handey, an employee of the FBI, approached the intersection on West Meadow from Plaintiff's left side, traveling from west to east..  Mr. Handey was driving a vehicle owned by, leased by, or otherwise under the

control of the United States and was doing so in the course and scope of his employment. In the alternative, he was driving the vehicle under circumstances which otherwise make the United States liable for any acts of negligence or other fault concerning the accident with Mr. Kuff.

14.  Because he could not see any approaching vehicle and because he had the right-of-way in that intersection, Mr. Kuff entered the intersection on his bicycle.

15.  Mr. Handey did not stop at the stop sign on West Meadow Street controlling his entry into the intersection.  Instead, he continued past the stop sign without stopping, causing a collision between the vehicle Mr. Handey was driving and the bicycle Mr. Kuff was riding.  After the collision occurred, the vehicle driven by Mr. Handey did not stop but, rather, continued on through the intersection after hitting Mr. Kuff and left the scene of the accident.  Mr. Handey did return to the scene some minutes later, prior to any investigating police officer or medical personnel arriving.  The Court is entitled to consider Mr. Handey's conduct in leaving the scene of the accident under these circumstances as evidence of negligence or other fault in causing the accident.

16.  The police officer investigating the accident determined that Mr. Handey was at fault for causing the accident and charged him with failure to yield, a violation of Ark. Code Ann. § 27-51-503.

**Facts Relating to Damages**

17.  As a result of the accident, Plaintiff sustained numerous severe, painful, and permanent injuries.  His injuries included a broken left femur (the large bone in the upper leg), which was splintered and snapped in half by the force of the impact; a fracture of the

left humerus (the long bone in the upper arm) with a related shoulder injury; a fracture of

his left hip; and other bodily injuries.

18.  Mr. Kuff required surgery on his broken leg and broken hip and has had steel

rods or other similar medical apparatus inserted and nailed into place on his bones.

19.  Plaintiff has experienced severe and excruciating pain and suffering in the past

and will continue to experience pain and suffering in the future.

20.  The traumatic injuries suffered by Plaintiff caused mental and emotional

anguish as a result of the accident, both past and future.

21.  As a result of the accident, Mr. Kuff has undergone a lengthy course of medical

care.  He was hospitalized in Washington Regional Medical Center and then transferred to a

rehabilitation hospital.  Even after release from the rehabilitation hospital, Mr. Kuff

required home health care for a period of months.  He also was required to use assistive

devices such as a wheel chair, walker, or cane.  Mr. Kuff continued to have regular medical

treatment for months following the accident.

22.  Even apart from care administered by trained medical professionals, including

through home health care, Mr. Kuff required assistance at home, including with activities of

caring for oneself such as changing clothes, cleaning himself, toileting, and meal

preparation, and more general activities of caring for the cleaning and upkeep of his home.

When those activities were not provided by home health care professionals, he had to rely

on family and friends to assist with these activities, frequently under circumstances which

were at least personally embarrassing and often caused mental and emotional distress.

23.  Mr. Kuff eventually was able to give up using the wheelchair and then the

walker.  However, he still has significant limitations and issues concerning the use of his legs and hips in activities such as walking, particularly walking distances.  Mr. Kuff was and is significantly limited and is unable to perform many of the activities of daily living and work.  He is unable to engage in recreational activities in which he engaged prior to the accident.  He has required housing modifications and accommodations, including the installation of a ramp outside his front door steps and toilet modification.

24.  Mr. Kuff has incurred medical expenses in excess of $135,000 and is expected to incur expenses in the future.

25.  Mr. Kuff has incurred lost wages and will incur lost wages in the future.  He has not returned to work and cannot perform his former job safely and without increased risk of an accident which might cause exacerbations of his previous injuries or further or new injuries to himself or, potentially, to some third party.

26.  Prior to the accident, Mr. Kuff lived a normal, active life which included the types of activities that a normal and healthy person of his age and interests would engage in or enjoy.  He also participated regularly in physical recreational activities such as bicycling and hiking.  He was not able to participate or engage in many of those activities after the accident and he still is substantially limited in those activities compared to his pre-accident condition.

27.  The amount of damages to be awarded to Mr. Kuff will be determined by the Court.  However, based on all the facts related to this event, Mr. Kuff has incurred damages of $2,100,00.00.  This was the amount of his claim for personal injuries as submitted to the United States through the FBI in his SF95 claim form as part of his administrative claim, so

absent amendment approved by the Court to increase that amount, the Court's award is limited to an amount no greater than $2,100,000.00.

## COUNT I:  NEGLIGENCE

28.   Defendant, through its employee George Handey, was negligent in its conduct in causing the collision injuring Plaintiff because its employee, who was acting within the scope of his employment, was guilty of negligence in the following acts and/or omission which constitute a breach of the standard of care owed Plaintiff under Arkansas law:

       a.  Failing to come to a complete stop at a stop sign;

       b.  Failing to keep the automobile he was driving under proper control;

       c.  Failing to keep a proper lookout for other vehicles, including Plaintiff; and,

       d.  Failing to exercise ordinary care under the circumstances.

28.   Plaintiff was without fault in causing the accident.

29.   As a direct and proximate result of the negligence of the Defendant, Plaintiff has suffered and continues to suffer the injuries and damages set forth above.

30.   Under the Federal Tort Claims Act, Defendant is liable to Plaintiff for damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Howard H. Kuff, prays for judgment against the Defendant for compensatory damages in the amount of $2,100,000.00; for his costs, pre-judgment and post-judgment interest as allowed by law; and for such other further

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

relief to which he is entitled.

DAILY & WOODS, P.L.L.C.
PO Box 1446
Fort Smith, AR 72902
(479) 782-0361
Email:  dcarson@dailywoods.com

By   /s/ Douglas M. Carson
        Douglas M. Carson
        Ark. Bar No. 83037

Attorneys for Plaintiff